No. 14,995.

NELSON *v.* SCHUMAN.
(131 P. [2d] 823)

Decided November 24, 1942.

Mr. G. A. LUXFORD, Mr. KARL C. BRAUNS, for plaintiff in error.

Mr. HARRY BEHM, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION for money had and received in the sum of $2,040 brought by defendant in error Schuman, plaintiff below, against George Nelson, plaintiff in error, defendant below. At the close of plaintiff's case, defendant moved for a dismissal and nonsuit on the ground that the cause of action was predicated on an illegal transaction and therefore void. The motion was overruled and at the conclusion of the trial, which was to the court, judgment was entered in favor of Schuman on a part of his claim in "the sum of eight hundred forty dollars ($840.00) plus interest at 6% from September 3, 1937, to date in the sum of $141.26 (making a total judgment of $981.26) * * *." Reversal is sought on a writ of error on the sole specified point that the court erred in not granting defendant's motion for nonsuit and dismissal. A cross point specified by defendant in error is the court's refusal to grant judgment in the full amount for which the suit was instituted. Reference will be made to the parties as Schuman and Nelson, respectively.

Schuman, age 82, had resided in Adams county for over half a century on his farm near Brighton with his wife and daughter prior to 1934. His daughter became seriously ill and was taken to a hospital in Denver by the Nelsons, who were neighbors of the Schumans, where an operation was performed in an unsuccessful attempt to save her life. Her death was followed by that of her mother about a year later. Schuman did not possess a car so the Nelsons made numerous trips to the hospital during the illness of the daughter and her

mother and looked after the funeral arrangements for both, Schuman giving a trust deed on his farm to the undertaker to secure payment of burial expenses. Mrs. Nelson's testimony regarding the ability of Schuman to pay such expenses was, in part, as follows: "I will vouch for these people and I will stand good for it, I know Mr. Schuman will pay you." The funeral expenses amounted to $649.30.

After the death of his wife and daughter, Schuman applied for, and received, an old age pension for a time, but when he sold his farm in 1937, payment of the pension was discontinued. There is some testimony in the record indicating that Nelson had something to do with Schuman's being reinstated on the pension list, and it was in connection with this assistance that Nelson allegedly received the money from Schuman, which is the basis for this action.

After selling his farm, Schuman deposited the proceeds from the sale, amounting to $2,795.87, in the American National Bank of Denver, November 20, 1936. September 3, 1937, Schuman, accompanied by Nelson, went to the bank and withdrew $2,070 in currency. He retained $30 of this amount and, as he testified, gave the balance to Nelson to keep for him. At the same time, apparently, Schuman gave Nelson two notes, one for $1,200 and the other for $800. Nelson in his answer denied receiving said sum, or any sum, but alleged that he did receive the $1,200 note, which was subsequently paid in full by Schuman. The trial court found that these allegations were sustained by the evidence, but it also found that Nelson received the additional sum of $840, for which no reasonable accounting was made, and judgment was accordingly entered as hereinbefore stated.

As already indicated, the only point argued for reversal by counsel for Nelson is the court's refusal to grant the motion for nonsuit and dismissal based on the theory that all of the financial transactions between

Schuman and Nelson represented an illegal scheme to obtain the old age pension for Schuman. The motion was based upon section 24 of the Old Age Pension Act, chapter 119, '35 C.S.A., which reads as follows: "Whoever obtains, or attempts to obtain, or aids or abets any person to obtain by means of a wilfully false statement or representation, or by impersonation, or other fraudulent device * * * or aids or abets in buying or in any way disposing of the property of a recipient of assistance without the consent of the county department shall be guilty of a misdemeanor * * *."

The court did not err in denying the motion. The issue involved was one of fact upon which the evidence was conflicting, and it was the province and duty of the court to weigh the evidence and determine the preponderance thereof. There is sufficient competent evidence in the record to support the holding, and under the established rule in this jurisdiction, we cannot disturb it.

The first cross specification of points of defendant in error (Schuman) is: "The court erred in refusing to grant judgment for the full amount of $2,040." Schuman admitted giving the note for $1,200, and there is evidence that it was based upon a sufficient consideration, and also that it was paid. The trial court decided the question, as to the amount due him, on conflicting evidence and we conclude on this branch of the case also that we would not be warranted in disturbing its finding.

We think the lower tribunal fully apprehended the questions involved in the litigation and that it correctly adjudicated the rights of the respective parties.

The judgment is affirmed.

Mr. Justice Knous, Mr. Justice Burke and Mr. Justice Goudy dissent.